```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF MISSISSIPPI
                 NORTHERN DIVISION
```

LANCE E. FELTON                                         PLAINTIFF

VS.                              CIVIL ACTION NO. 3:18CV74TSL-RHW

CITY OF JACKSON, MISSISSIPPI, ET AL.                   DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant City of Jackson, Mississippi for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *Pro se* plaintiff Lance Felton has responded in opposition to the motion and the court, having considered the parties' memoranda and submissions, concludes that the motion is well-taken and should be granted.

Plaintiff Felton was a police officer with the City of Jackson from December 1995 until his termination in December 2016. At the time of his dismissal, Felton had obtained the rank of lieutenant. Following his termination, he filed the present action alleging, among other claims, that the City violated his rights under the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*[1] The City contends it is entitled to summary judgment for a variety of reasons, including that Felton cannot

---

[1] On June 18, 2018, the court granted the motion of defendants Vance, White, Davis and Jones to dismiss the complaint against them in their individual and official capacities for failure to state a claim under Rule 12(b)(b). It additionally *sua sponte* dismissed all claims asserted against the City, save the claims asserted under the ADA.

establish that he was a "qualified individual" with a disability. Felton argues in response that the City is not entitled to summary judgment based on his evidence showing that the City denied his requests to provide reasonable accommodations that would have enabled him to maintain employment.

Facts and Claims

On April 24, 2014, Felton was forced to fire his weapon while attempting to apprehend an armed assailant.  Pursuant to standard department procedure, he was placed on administrative leave with pay pending the outcome of an administrative internal departmental investigation and a mandatory mental evaluation.  On May 4, 2014, the consulting psychologist who conducted the mental evaluation reported to Chief of Police Lindsey Horton that Felton exhibited a "high level of acute distress" attributable to an "acute stress reaction" following the shooting incident, as a result of which he was deemed not fit to return to duty at that time.  The psychologist recommended further therapy for managing Felton's distress and provided the name of an expert in treating post-traumatic stress disorder (PTSD) who had indicated a willingness to accept Felton as a patient.  However, the City did not provide him with the recommended counseling.

At some point – in September 2014, according to Felton – he met with then Chief of Police Lee Vance and expressed his desire to return to work in "any capacity."  He made the same request to

Assistant Chief Allen White and Deputy Chief James Davis. However, they did not offer him any alternative position. Felton thus remained on paid administrative leave for nearly a year and a half, until Chief Vance advised him by letter of September 17, 2015, that his paid administrative leave would end on September 19, 2015. Vance advised that once this leave expired and until such time as Felton was able to provide a statement from a physician showing he was capable of returning to work, Felton could use any accrued sick or personal leave. Vance suggested, alternatively, that Felton might be eligible for leave under the FMLA.

Plaintiff did use his accrued vacation and sick leave, and when those ran out in April 2016, he began using FMLA-approved leave. In support of his request for FMLA leave, Felton presented a March 22, 2016 "Certification of Health Care Provider for Employee's Serious Health Condition" that had been completed by a nurse practitioner with the Veteran's Administration Hospital, whom plaintiff had seen regularly since July 2014. On this form, the nurse practitioner reported that Felton suffered from a chronic post traumatic condition; that he was unable to perform

any of his job functions, [2] as those functions were described by Felton; and that he could not yet return to work.

Felton's FMLA leave expired on June 27, 2017. He did not report to work the following day even though he was scheduled to work. On July 6, 2016, Chief Vance wrote to Felton, instructing that he needed to report to his supervisor for his duty assignment and to provide his supervisor with a signed release from his health care provider. Vance stated that under department policy, failure to report for duty would constitute abandonment of his job and voluntary resignation from City employment.

Felton did not have a letter from a health care provider clearing him for duty. Nevertheless, he reported to work the next day, and each day of the following week. But each day, Chief Davis ordered him to leave the workplace since he did not have a fitness-for-duty letter from his doctor. After about a week, Chief Davis and Chief White told him not to return to work since he did not have a letter clearing him for duty.

On July 13, 2016, Felton filed a charge of disability discrimination with the Equal Employment Opportunity Commission

---

[2] The form recites that if an employer provides the evaluating provider with a job description, the assessment of whether the employee can perform the essential functions of his job should be based on the provided description. However, where, as happened here, the employer does not provide a job description, the medical provider is instructed to make the assessment based on the employee's description of his job functions.

complaining that he had been denied an accommodation and terminated on account of his disability or a perception of a disability. On September 9, 2016, Chief Vance sent Felton a notice of intent to terminate his employment for violations of the City's sick leave and attendance policies and notice of his right to appear at a pre-termination hearing scheduled for September 22. The letter acknowledged that while Felton had reported for duty on July 6, he had failed to provide the required clearance letter from his doctor which "would assist the Jackson Police Department in determining your restrictions (if any) to perform the duties required by your job description."

After receipt of this notice, Felton still did not provide the City with any further documentation regarding his condition and/or limitations, and following an October 11, 2016 hearing, Felton was terminated, effective December 5, 2016, for alleged attendance and sick leave policy violations. Felton sought review of the termination decision by the Civil Service Commission. A hearing was held on May 11, 2017, during which Felton decided to apply for disability retirement.

On this factual basis, Felton alleges claims under the ADA for failure to accommodate and retaliation. In addition, he

arguably also asserts a claim for disparate treatment based on his termination. [3]

Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence presented.  Fed. R. Civ. P. 56(c).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Kee v. City of Rowlett, 247 F.3d 206, 210 (5th Cir. 2001).  A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party.  Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th Cir. 2000).  The court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  Id.

The ADA

The ADA is "designed to remove barriers which prevent qualified individuals with disabilities from enjoying employment opportunities available to persons without disabilities."  Seaman

---

[3] Although the parties' briefing conflates the two, "[a] failure-to-accommodate claim under the ADA is distinct from a claim of disparate treatment.  42 U.S.C. §§ 12112(a), (b)(5)(A)." Windhauser v. Bd. of Supervisors for Louisiana State Univ. & Agr. & Mech. Coll., 360 F. App'x 562, 565 (5th Cir. 2010).

v. CSPH, Inc., 179 F.3d 297, 300 (5th Cir. 1999). The ADA prohibits discrimination against a "qualified individual on the basis of disability in regard to ... the ... discharge of employees...." 42 U.S.C. § 12112(a). Discrimination under the ADA includes "not making reasonable accommodations to the known physical and mental limitations of an otherwise qualified individual with a disability...." 42 U.S.C. § 12112(b)(5)(A). In addition, the ADA prohibits retaliation against an individual because he has opposed an act or practice made unlawful by the ADA or engaged in protected activity, such as filing a charge with the EEOC. 42 U.S.C. § 12203(a).

Where, as here, a plaintiff does not have direct evidence of discrimination, the court employs the familiar McDonnell Douglas burden-shifting analysis of the plaintiff's claims. EEOC v. LHC Grp. Inc., 773 F.3d 688, 694 (5th Cir. 2014). Under this paradigm, once the plaintiff satisfies his burden to establish a *prima facie* case, the defendant must articulate a legitimate, nondiscriminatory reason for its actions. The plaintiff is then required to come forth with evidence to create a "genuine issue of material fact" of discriminatory motive. Id.

"To establish a *prima facie* discrimination claim under the ADA, a plaintiff must prove: (1) that he has a disability; (2) that he was qualified for the job; [and] (3) that he was subject to an adverse employment decision on account of his

disability." Id. at 697 (quoting Zenor v. El Paso Healthcare Sys., Ltd., 176 F.3d 847, 853 (5th Cir. 1999) (alteration in original)).  To establish a *prima facie* case on a claim for failure to accommodate, the plaintiff must show that "(1) [he] is a 'qualified individual with a disability;' (2) the disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations." Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen., 730 F.3d 450, 452 (5th Cir. 2013).  Finally, "[t]o show an unlawful retaliation, a plaintiff must establish a *prima facie* case of (1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected act and the adverse action." Nall v. BNSF Ry. Co., 917 F.3d 335, 348-49 (5th Cir. 2019).  A plaintiff asserting a retaliation claim must also show that he is qualified for the job in question. Moss v. Harris Cty. Constable Precinct One, 851 F.3d 413, 419-20 (5th Cir. 2017) (citations omitted).

> A plaintiff can establish that he is "qualified" by showing that "either (1) [he] could perform the essential functions of the job in spite of [his] disability," or "(2) that a reasonable accommodation of [his] disability would have enabled [him] to perform the essential functions of the job." LHC Grp., 773 F.3d at 697 (quoting Turco v. Hoechst Celanese Corp., 101 F.3d 1090, 1093 (5th Cir. 1996)). "Time off, whether paid or unpaid, can be a reasonable accommodation, but an employer is not required to provide a disabled employee with indefinite leave." Delaval, 824 F.3d at 481.

8

> Furthermore, reassignment to a different job may be a reasonable accommodation, but "[t]he plaintiff bears the burden of proving that an available position exists that he was qualified for and could, with reasonable accommodations, perform." Jenkins v. Cleco Power, LLC, 487 F.3d 309, 315 (5th Cir. 2007) (citation omitted); see also Foreman v. Babcock & Wilcox Co., 117 F.3d 800, 810 (5th Cir. 1997) ("For the accommodation of a reassignment to be reasonable, it is clear that a position must first exist and be vacant.").

Moss, 851 F.3d at 417–18.

The City argues that it is entitled to summary judgment because Felton cannot sustain his burden to show that he was qualified for his former position as police lieutenant. That is, he cannot show that he could perform the essential functions of that position, and cannot show that a reasonable accommodation would have enabled him to perform the essential functions of his job.

In response to the City's motion, Felton has identified two accommodations which he apparently contends would have allowed him to have maintained his employment with the City: (1) giving him time off with counseling by the psychologist recommended in the consulting psychologist's May 14, 2014 letter to the City; and (2) allowing him to return to work "in whatever" capacity. Felton has failed to create an issue of fact as to his qualification to return to work.

As to his suggestion of time off with counseling as a reasonable accommodation, the uncontroverted proof shows that during much of the two and a half years Felton was on leave prior

9

to his termination, he was receiving mental health services from the Veteran's Administration and yet was not able to resume his duties as a police lieutenant. The City was not required to provide him with indefinite leave, id., and Felton has not shown that additional or different counseling, i.e., by the mental health professional identified in the consulting psychologist's May 14 letter, would have been more effective and enabled him to perform the essential duties of his job.

Felton has further failed to create an issue of fact as to whether reassignment would have been a reasonable accommodation, as he has failed to present any proof to show that there existed an alternative available position for which he was qualified, taking into consideration the limitations caused by his PTSD. See Jenkins v. Cleco Power, LLC, 487 F.3d 309, 315 (5th Cir. 2007) (citation omitted) (stating that "reassignment to a different job may be a reasonable accommodation, but "[t]he plaintiff bears the burden of proving that an available position exists that he was qualified for and could, with reasonable accommodations, perform"); see also Foreman v. Babcock & Wilcox Co., 117 F.3d 800, 810 (5th Cir. 1997) ("For the accommodation of a reassignment to be reasonable, it is clear that a position must first exist and be vacant."). Here, Felton states only that he requested to return to work in "whatever" position. This is clearly insufficient to demonstrate that there was an available position which he could

have performed, taking into account the limitations caused by his PTSD.[4]

As Felton cannot establish he was qualified, an essential element of each of his claims, it follows that the City is entitled to summary judgment. Accordingly, it is ordered that the City's motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 24th day of June 2019.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[4] The court notes that Felton does not challenge the City's assertion that he never provided it with information regarding what functions he could perform with the limitations caused by his PTSD.